UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HABIB OLAPADE<br><br>      Plaintiff,<br><br>v.<br><br>YALE LAW SCHOOL<br><br>      Defendant | Date: August 13, 2019 |

### PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

Habib Olapade

16160 Keith Harrow Blvd. Apt. 108

Houston, Texas 77084

281-550-7786

habib3355@outlook.com

1. Unless restrained Yale Law School will immediately prevent Mr. Olapade from beginning his last year at Yale Law School and graduating with the Yale Law School class of 2020.

2. Immediate and irreparable injury, loss, and damage will result to Mr. Olapade by reason of the threatened action of Yale Law School because Mr. Olapade will be unable to publish his books on private equity law, MLB player representation and contract negotiations, Texas oil and gas law, federal appellate procedure, Alabama appellate procedure, Texas appellate procedure, Mississippi appellate procedure, Louisiana appellate procedure, Virginia appellate procedure, Hawaii appellate procedure, Tennessee appellate procedure, Idaho appellate procedure, Montana appellate procedure, North Carolina appellate procedure, South Carolina appellate procedure, Kentucky appellate procedure, Maryland, appellate procedure Delaware appellate procedure, Arkansas appellate procedure, appellate procedure in the six American New England states, appellate procedure in the five American Old Northwest states, and his thirty-five book series on the various election laws of the United States as a newly minted lawyer; Mr. Olapade will be unable to take the Uniform Bar Exam immediately after graduation and apply for admission to the bars of Alabama, Alaska, Arkansas, Arizona, Colorado, Connecticut, Idaho, Illinois, Iowa, Kansas, Maine, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Washington, Washington DC, West Virginia, Wyoming so he can maximize his value to employers, file amicus briefs in State and federal appellate courts in the aforementioned States, intervene on behalf of interest groups in cases pending before State and federal courts in the aforementioned States, provide pro bono services to moderate Democrats and moderate Republican candidates in those States upon graduation, and rise in the ranks of the American legal profession; Mr. Olapade will be unable to apply for comity admission to the bars of Kentucky, Mississippi, Delaware, Georgia, Michigan, Louisiana, and Wisconsin four to five years after his anticipated graduation from law school and will be prevented from maximizing his value to employers, filing amicus briefs in State and federal appellate courts in the aforementioned States, intervene on behalf of interest groups in cases pending before State and federal courts in the aforementioned States, provide pro bono services to moderate Democrats and moderate Republican candidates in those States upon graduation, and rise in the ranks of the American legal profession; Mr. Olapade will be unable to pursue his original plan of positioning himself for an associate or analyst position at an Investment Banking firm after studying abroad in the United Kingdom at Oxford; and Mr. Olapade will be saddled with close to $125,000 in student debt that he incurred to attend Yale Law School without any degree to procure employment in the legal sector that would assist him in paying the federal loans off. Mr. Olapade has no adequate remedy at law because he has been training to be an appellate, political law, private equity, sports, and oil and gas attorney for the past sixteen years and would have to switch professions on less than seven weeks' notice unless Yale Law School was temporarily restrained from carrying out its racially discriminatory expulsion

3. Mr. Olapade moves the court for a temporary restraining order in this cause enjoining the Yale Law School, their agents, servants, employees and attorneys from

    4.      academically disqualifying him from Yale Law School and treating him in any manner different from how similarly situated third year law students enrolled at Yale Law School are treated with respect to financial aid awards, course registration, Yale Law School facilities, or Yale Law School extracurricular activities.

    4.      If a temporary restraining order is granted, the injury, if any, to Yale Law School, if final judgment is in their favor, will be inconsiderable and will be adequately indemnified by bond.

    5.      The restraining order should be granted *ex parte* because as of August 13, 2019, Yale Law School and its officers and registered agents authorized to receive service of process have been avoiding service of process after three separate attempts involving the expenditure of almost $1,000 have been made to notify the well-known institution that it is currently named in this suit.

Dated: August 13, 2019

Houston, Texas

Respectfully submitted,

/s/ Habib Olapade

16160 Keith Harrow Blvd. Apt. 108

Houston, Texas 77084

281-550-7786

habib3355@outlook.com