

**EL PASO OFFICE**
*1231 E. Missouri*
*El Paso, Texas 79902*
P 915 533 0880
F 915 533 1155
WWW.GFLAWOFFICESELPASO.COM

**MILAD K. FARAH\*\***
**GEOFFREY A. BORSCHOW\***
*\*\*Licensed in Texas and New Mexico*
*\*Licensed in Texas*

**CORPORATE OFFICE**
1211 Hyde Park Blvd.
Houston, Texas 77006
P 713 529 6606
F 713 529 6605
WWW.GFLAWOFFICES.COM

**GEORGE K. FARAH \***
**NATHAN E. INURRIA\***

**MCALLEN OFFICE**
*3700 N. 10th St. Suite 309*
McAllen, Texas 78501
P 956 800 4340
F 956 800 4341
WWW.GFLAWOFFICESMCALLEN.COM
**BROWNSVILLE OFFICE**
*704 Paredes Line Rd. Suite D-2*
Brownsville, Texas 78521
*By Appointment Only*

**ALYSSA L. ROMERO\***

**July 25, 2019**

<u>*VIA EMAIL:*</u> **heather.k.gerken@yale.edu**
Heather Gerken
Heather.k.gerken@yale.edu
(203) 432- 1660

Re:     **Habib Olapade Title VI Discrimination, Harassment, Exclusion, and Retaliation Claims against Yale Law School**

Dear Heather Gerken,

My office represents Habib Olapade, a former Law Student at Yale University, regarding his Title VI claims of discrimination, harassment, exclusion and retaliation against Yale Law School for its failure to adequately protect and remedy the severe and discriminatory harassment experienced by Mr. Olapade from other Yale Law School Students, even after Mr. Olapade made formal complaints to you and other members of the administration. This failure by Yale Law School with actual knowledge of Mr. Olapade's good-faith complaints amounts to conduct that was deliberately indifferent toward my client's rights. Instead of taking actions to remedy the situation, Yale Law School retaliated against my client by expelling him from the school.

Mr. Olapade bases his expulsion from Yale Law School and further inability to be considered for enrollment at alternative universities as ongoing exclusion and retaliation by Yale Law School.

A.   <u>Title VI Discrimination</u>

i.     *Discriminatory Incidents*

Habib Olapade enrolled at Yale University's Law School in the Fall of 2017, and since endured multiple accounts of objectively offensive racial discrimination while in class from fellow students. These instances of discrimination are as follows:

On October 5, ▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮ expressed displeasure that Mr. Olapade was "commenting excessively in classes", while other non-African-American did not receive the same criticism for commenting at similar rates. ▮▮▮▮▮▮ also

expressed fear of being in the same classroom as Mr. Olapade because he was "afraid of being robbed", and others expressed similar fears of bodily harm directed at Mr. Olapade.

On October 10, ███████ said to Mr. Olapade "the white race is the superior race" and this is the "natural order of things".

During the second and third weeks of October (approximately October 9-20), several students in Mr. Olapade's Contracts and Torts class used previously researched information on his father's credit history and attributed these financial shortcomings to Mr. Olapade. These same students ridiculed Mr. Olapade for being raised by a single mother.

On October 31, ███████ told Mr. Olapade to "go back to Africa" despite his birthplace of Katy, Texas and never setting foot in Africa. ███████ also told Mr. Olapade that his ancestors were fortunate to "escape poverty there".

On November 6, several students in Mr. Olapade's Civil Procedures class told plaintiff that he was convicted felon and it was "illegal" for him to "possess a firearm" despite Mr. Olapade never being indicted for a crime nor possessing a firearm. ███████ also referred to Mr. Olapade as Anthony Powers, a fictional ex-convict with a high school education, whose only similarity to Mr. Olaoade was the color of his skin. On this same day, ███████ told Mr. Olapade that he "lacked the capacity for law school curriculum" and was "illiterate" despite his 4.0 and top 3% ranking at Stanford University for his Bachelor of Arts degree which included 15 law school courses.

ii.    *Title VI Violations*

These incidents fall under Yale's definition of "racial or ethnic harassment" defined by the President's Procedure for Addressing Students' Complaints of Racial or Ethnic Harassment as any instance "when any individual is subjected to arbitrary, capricious or discriminatory treatment on the basis of race or ethnic origin".

These incidents also violate Title VI of the Civil Rights Acts of 1964 which states, "No person in the United States "shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d, *et seq.*

The classroom environment that Habib Olapade experienced during his time at Yale failed to be one "free from racial hostility", and he was consequently "deprived of a supportive, scholastic environment free of racism and harassment", therefore violating Title VI of the Civil Rights Act of 1964. *Zeno v. Pine Plains Central School District*, 07 Civ. 6508 (PED) (S.D.N.Y. May. 19, 2009).

### B. Retaliation and Exclusion

*i.    Inadequate School Response to Mr. Olapade's Complaints*

Mr. Olapade notified the administration at Yale of these incidents in an email sent to Associate Dean Ellen Cosgrove in which he expressed his preference to forgo attending class unless each class be recorded, or he be accompanied by an independent observer. This request was not met. Mr. Olapade was also refused access to tapes of classes that were recorded during the days on which he was threatened. The response, or lack of, by Yale Law School despite their actual knowledge of this discriminatory behavior made apparent by Mr. Olapade amounts to deliberate indifference and is, therefore, an inadequate response under Title VI. None of the students were reprimanded for their actions.

Due to Yale's failure to provide a supportive, scholastic environment free of racism and harassment, Mr. Olapade refrained from attending classes, but continued his school work outside of the classroom.

*ii.    Retaliation and Expulsion*

In the Spring of 2019, Associate Deans at Yale Law School notified Mr. Olapade that they had spoken to his professors before official grades were entered about Mr. Olapade's discrimination complaints and fears of attending class, but after Mr. Olapade turned in four, un-plagiarized, 50-paged end term papers, he was notified that he failed his Federal Indian Law and State Attorneys General courses.

Two weeks after the end term papers were turned in, Professor Bruce Ackerman emailed Mr. Olapade to notify him that he failed the class on account of his lacking attendance, without acknowledging his paper. Other professors- Peter Brann, James Tierney, and Gerald Torres- also entered failing grades for Mr. Olapade's attendance despite their supposed knowledge of the racial comments during their classes.

As a result of receiving two (2) failing grades in one term, Mr. Olapade was expelled from Yale Law School on May 31, 2019, and notified via email from you, Dean Heather Gerken (*Bulletin of Yale University* pages 59-60). As this expulsion was due to a "lack of capacity", Mr. Olapade falls victim to the *American Bar Standard 501 (c)* which states, "A law school shall not admit or readmit a student who has been disqualified previously for academic reasons without an affirmative showing that the prior disqualification does not indicate a lack of capacity to complete its program of legal education and be admitted to the bar. For every admission or readmission of a previously disqualified individual, a statement of the considerations that led to the decision shall be placed in the admittee's file".

Yale Law School's expulsion of Mr. Olapade was and is in retaliation for his good-faith complaint of discrimination and a direct result of Yale Law Schools failure to

adequately remedy the ongoing discriminatory conduct it has actual knowledge and substantial control over. Mr. Olapade will incur expenses of moving to another law school,

## C. **Title VI Damages**

Mr. Olapade asserts a claim under Title VI of the Civil Rights Act of 1964 based on the severe, pervasive, and objectively offensive discriminatory remarks directed towards him by fellow students during class, as well as the inadequate response by Yale Law School causing his failing attendance grades and consequential expulsion.

Mr. Olapade asserts damages to his reputation based on the academic disqualification, expenses to travel and move into a new law school of equal caliber, and his attorney's fees.

## **DEMAND**

Although Mr. Olapade maintains a strong case against Yale Law School for violations of Title VI, at this time he only wishes to continue his law school path and seeks readmittance into Yale Law School or a school of similar caliber. At this time, Mr. Olapade would demand that Yale Law School remove the academic disqualification label on his transcript and/or submit a letter to the American Bar Administration removing any and all holds on his transcript or application to other law schools. Additionally, Mr. Olapade would request a payment of his reasonable attorney's fees incurred of **$1,000.00.**

We are requesting that his transcript be released immediately so that Mr. Olapade can apply to commensurate schools and continue his law studies elsewhere.

In exchange, we propose fully to release Yale Law School from all claims. This demand is within the limits of the statutory remedy available under Title VI and is extremely reasonable and just. In the event that this demand is not met, or no response is received within fourteen (14) days, this offer is automatically revoked and we will proceed to litigation.

Thank you for your professional courtesies in this matter.

Respectfully,

*/s/Nathan E. Inurria*
Nathan E. Inurria
*Attorney at Law*

CC:
*Via CMRRR 7018 3090 0000 0359 2443*
Carl B Lee
4100 First City Center
1700 Pacific Avenue
Dallas, Texas 75201
*Registered Agent Yale University*

*Via CMRRR 7018 3090 0000 0359 2450*
Heather Gerken
127 Wall Street
New Haven, CT 06511
*Dean of Yale Law School*

*Via CMRRR 7018 3090 0000 0359 2467*
Peter Salovey
105 Wall St.
New Haven, CT 06511
*President of Yale University*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Peter Salovey
105 Wall St.
New Haven, CT 06511

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail® ☐ Priority Mail Express™
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. A
   (7    7018 3090 0000 0359 2467

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Farah Law Group, PLLC

1211 Hyde Park Blvd.

Houston, Tx 77006

Olapade - Demand Title VI letter

FARAH LAW GROUP, PLLC
1211 HYDE PARK BLVD
HOUSTON, TEXAS 77006



7018 3090 0000 0359 2467

Peter Salovey
105 Wall St.
New Haven, CT 06511

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Heather Gerkin
127 Wall St.
New Haven, CT 06511

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail®          ☐ Priority Mail Express™
   ☐ Registered              ☐ Return Receipt for Merchandise
   ☐ Insured Mail            ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. 7018 3090 0000 0359 2450

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Farah Law Group, PLLC

1211 Hyde Park Blvd.

Houston, Tx 77006

Olapade — Demand Title VI

FARAH LAW GROUP, PLLC
1211 HYDE PARK BLVD
HOUSTON, TEXAS 77006



7018 3090 0000 0359 2450

Heather Gerllen
127 Wall St.
New Haven, CT 06511

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Carl B Lee
4100 First City Center
1700 Pacific Avenue
Dallas, TX 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®        ☐ Priority Mail Express™
☐ Registered             ☐ Return Receipt for Merchandise
☐ Insured Mail           ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. 7018 3090 0000 0359 2443

PS Form 3811, July 2013        Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Sender: Please print your name, address, and ZIP+4® in this box●

Farah Law Group, PLLC
1211 Hyde Park Blvd.
Houston, TX 77006

Olapade - Demand Title VI

FARAH LAW GROUP, PLLC
1211 HYDE PARK BLVD
HOUSTON, TEXAS 77006



**CERTIFIED MAIL**

7018 3090 0000 0359 2443

Carl B Lee

4100 First City Center

1700 Pacific Avenue

Dallas , TX 75201

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS FOLD AT DOTTED LINE